In the Matter of THOMAS CHAMBERY et al., Doing Business as MAPLEWOOD SANITARIUM, Petitioners, v. ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents.— Determination unanimously annulled with costs, and matter remitted to respondents for further proceedings in accordance with the following memorandum: Petitioners brought this article 78 proceeding to annul respondents' determination that petitioners' nursing home in Rochester was not entitled to a waiver of the strict application of the provisions of the Life Safety Code of the National Fire Protective Association (21st ed., 1967) because petitioners had failed to show that a waiver would not adversely affect the health and safety of patients. The Federal statute (U. S. Code, tit. 42, § 1396a) authorizes a waiver if enforcement of the code would result in unreasonable hardship to a nursing home and such waiver would not adversely affect the health and safety of the patients. The respondents' determination in effect decertified petitioners as providers of skilled nursing home care in accordance with the provisions of title XIX of the Federal Social Security Act. There is no question that the nursing home does not meet some of the structural requirements of the code and respondents concede that replacement of the facility with structural steel and masonry would constitute an undue hardship on both owners and patients. Petitioners produced evidence from a consultant on fire safety, a retired fire marshall of the City of Rochester, and the fire chief of Rochester, that a waiver would not adversely affect the health and safety of the patients. On this record, respondents are required to rebut the evidence or grant petitioners' request for a waiver. The decision denying relief is not based on substantial evidence. The matter should be remitted to respondents for a further hearing as to whether the health and safety of petitioners' patients would be adversely affected by the condition of the home so as to require denial of the waiver. (See Matter of Pasquale v. Lavine, 42 A D 2d 674; Matter of Henderson v. Lavine, 42 A D 2d 676.) (Review of determination with respect to waiver of Life Safety Code, transferred by order of Monroe Special Term.) Present — Goldman, P. J., Witmer, Moule, Cardamone and Simons, JJ.